# Fredericks and The Lewisburg Building Association *versus* Corcoran, et al.

A., having purchased by articles of sale a parcel of real estate, and paid a portion of the purchase money and taken possession, arranged for a loan from a building association, the association paying thereout to A.'s vendor the balance of the purchase money due him, and receiving a conveyance of the premises, which, though absolute on its face, was to be held as security for the loan, and upon its repayment to be reconveyed to A. After the conveyance to the association, and before the repayment of the loan in full, the property was sold at sheriff's sale as the property of A., under a judgment against him. In ejectment by the purchaser against the building association—*Held*, that the deed to the association was but a parol mortgage, and, the judgment against A. being a lien on his equitable title, the sheriff's sale thereunder passed a good title to the purchaser as against the association. *Held further*, that the building association was not entitled to a verdict conditioned for the repayment to it of the balance of purchase money it had paid to the vendor, as that money, in pursuance of the loan to A., was his money, and not that of the association.

April 25th 1882.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Clinton county :* Of January Term 1882, No. 389.

Ejectment, by James Corcoran and B. L. Richards against Joseph R. Fredericks and the Lewisburg Building Association, for a tract of land in Clinton county. Plea, not guilty.

On the trial, before MAYER, P. J., the plaintiffs claimed title as purchasers of the premises in dispute at a sheriff's sale thereof, on May 7th 1880, as the property of the defendant Joseph R. Fredericks, under a judgment obtained against him October 18th 1876. The defendants claimed that at the dates of said judgment and sheriff's sale Fredericks had no title to the property, but the same was vested in and owned by the Lewisburg Building Association.

The evidence developed the following facts:—By articles of agreement dated July 14th 1869, Joseph R. Fredericks agreed to purchase from Thomas Karstetter the premises in

question for $800, of which $200 was paid by Fredericks at signing the agreement; $300 to be paid September 1st 1870, and the remaining $300 to be paid September 1st 1871; deed to be made by Joel Karstetter, in whom the legal title was vested.

Upon the execution of said articles, Fredericks went into possession, and afterwards made valuable improvements on the premises.

On May 16th 1870, Fredericks contracted with the Lewisburg Building Association for a loan of $2000, and on the same day, by indorsement on said articles of agreement, transferred to said association all his right and interest therein.

At the request of Fredericks, the Lewisburg Building Association paid to Karstetter, out of the said sum so agreed to be loaned, the following payments viz: Nov. 15th, 1870, $100; Dec. 28th 1870, $300; April 11th 1871, $300; and on the last mentioned date Joel Karstetter executed and delivered a deed for the premises in question to the Lewisburg Building Association. This deed was recorded February 2nd 1874.

The remainder of said loan was paid to Fredericks by the association.

The defendant Fredericks being called as a witness by plaintiffs, upon cross examination, testified:

Q. Had you any arrangement with the Lewisburg Building Association, after the assignment of the agreement was made and prior to the time the deed was made or delivered to them, or at that time, by which they were to take the legal title from Joel Karstetter and hold it as collateral security for the loans made to you?

Defendant's counsel object to the form of the question.

By the court: I will ask the question. What arrangement was there, if any, between you and Mr. James, acting for the Lewisburg Building Association, in regard to taking the legal title, as to how it should be held?

A. At the time of the transfer of that agreement the arrangement was that when I got the loan they were to pay Karstetter and take in the title, hold it till I had repaid the amount of the loan, then the title was to be transferred to me.

C. S. James, the secretary of the Lewisburg Building Association, also testified that the articles of agreement were assigned by Fredericks to the association as collateral security for the loan, and that if Fredericks had paid up his dues regularly to the association, under its rules, the property would have been conveyed back to him.

Fredericks did not at any time repay said loan in full to the association.

At the sheriff's sale, at which plaintiffs purchased, the Lewisburg Association gave notice that it was owner of the

[Fredericks v. Corcoran.]

property; "and that the defendant, J. R. Fredericks, has not and never did have any right, title or interest in the same, either in law or equity, and the present sale will pass no title."

The defendants requested the court to instruct the jury:

1. That if they believed the facts (substantially as above set forth) the plaintiff, not having shown that he has paid the building association all that is due them, cannot recover. Answer. This point refused.

2. That the legal title never having been in Fredericks, he, or his assignee, is not entitled to the same, until he has satisfied all the equities of the assignee of the vendor. Refused.

3. The Lewisburg Building Association stands in the position of vendor, and the loans having been made upon the contract they should all be repaid before a conveyance, the plaintiff cannot recover without having shown them paid. Refused.

4. If the jury believe the facts stated in the first point, and the court should be of opinion that ejectment can be sustained, then the verdict should be for the defendant conditioned upon the payment of the amount found to be due to the Building Association upon those loans which were made upon the security of the premises by Fredericks. Refused.

5. If the court refuse the fourth point, then the association defendant asks the court to charge the jury that the verdict should be for the plaintiff, conditioned for the payment to defendant association of the purchase money paid to Karsetter and interest thereon. Refused.

The court charged the jury, inter alia, as follows:

"[Where a person receives a deed, absolute upon its face, but which was agreed and intended between the parties as a security for a debt, and the deed when recorded is not accompanied with the defeasance, it is to be considered an unrecorded mortgage, and cannot prevail against a title acquired under a judgment of later date.] (Seventh assignment of error.) [The effect of not placing upon record the nature and character of the transaction is to mislead and deceive the creditor, by creating the impression that the debtor has parted with his entire interest in the land, when in fact he has not.] (Ninth assignment of error.) This the law will not permit, although as between the parties no fraud was intended, yet the law considers it a fraud upon creditors.

"[We therefore, say to the jury, that if they believe from the evidence in the case, that the assignment of the agreement by Fredericks, and the deed made subsequently by Karstetter to the Lewisburg Building Association, were made with the understanding and agreement at the time of the assignment and conveyance, that the real estate was to be taken and held as collateral security for the loan made by the association to Freder-

[Fredericks *v.* Corcoran.]

icks, and to be reconveyed to Fredericks when said loan was repaid, then the plaintiffs are entitled to recover in this action, and your verdict should be for the plaintiffs.]"

Verdict for plaintiffs, and judgment thereon. The defendants took this writ of error, assigning for error, inter alia, the refusal of their points, and the portions of the charge above quoted within brackets.

*Corss* (*Linn* with him), for the plaintiffs in error.—The theory of the plaintiffs below was that the transaction between Fredericks and the building association amounted in law to a parol mortgage which was of no validity as to the subsequent judgment under which plaintiffs claimed. That would have been so if Fredericks had paid the purchase money. But he did not ; it was paid by the building association, to whom the deed was executed ; Fredericks therefore had no title on which the subsequent judgment could become a lien ; and the plaintiffs as purchasers of his title, under a sheriff's sale on the judgment bought nothing. The possession of Fredericks was that of a tenant of the association.

But even if Fredericks had an equitable title his right was only to enforce a parol contract to reconvey the property to him on payment of the purchase money advanced ; and the purchaser of his right must do all that Fredericks was required to do ; the court should therefore have affirmed our points to that effect. The portions of the charge contained in our seventh and ninth assignments of error were not applicable to the facts of the case.

*W. C. Kress* (*C. S. McCormick* with him), for the defendants in error.—The loan having been effected by the association to Fredericks, payment of the purchase money by the association out of the fund loaned was payment by Fredericks, as fully as if he had received the amount himself from the association and paid it over to Karstetter. The equitable title was therefore in Fredericks, it was bound by the judgment and passed by the sheriff's sale to the plaintiffs, unaffected by the unrecorded parol mortgage. If any balance of purchase money had been due Karstetter, the vendor, plaintiffs could only have recovered a verdict subject to payment of such balance ; but they were not bound to pay Fredericks' independent debt to the building association, secured by a parol mortgage : Luch's Appeal, 8 Wr. 519 ; Russell's Appeal, 3 Har. 319 ; Hiester *v.* Maderia, 3 W. & S. 389 ; McClintock *v.* McClintock, 3 Brewster 75 ; Jaques *v.* Weeks, 7 Watts 261 ; Odenbaugh *v.* Bradford, 17 P. F. Smith 102.

[Fredericks v. Corcoran.]

Mr. Justice GORDON delivered the opinion of the court, May 22d 1882:

This was an action of ejectment brought by Corcoran and Richards, the plaintiffs below, against Joseph R. Fredericks and the Lewisburg Building Association, for the recovery of the possession of a certain property, in the writ described, situated in the township of Wayne, county of Clinton. The common grantor under whom both parties claim title, was Joel Karstetter, who, it seems, by articles of agreement, dated July 14th 1869, bound himself to convey to Fredericks the land in controversy on payment by him of eight hundred dollars. The plaintiffs' claim is founded upon a sheriff's deed executed to them, in pursuance of a sale of this property, regularly made on the 7th of May 1880, upon a judgment of Corcoran, Bubb & Co. against Fredericks, entered to No. 314, February term 1874. The building association claimed under a deed made by Karstetter to it, dated April 11th 1871. To rebut the force of this defense the plaintiffs contended that this deed had been executed to the association but as a trustee for Fredericks, and that it was held by the company only as a pledge for money loaned by it to him, and that it thus held but a parol mortgage, which was of no force as against a subsequent judgment creditor. Undoubtedly if this be a correct statement of the facts of the case, the judgment now before us was well rendered.

In Guthrie v. Kahle, 10 Wr. 331, it was said by Mr. Justice THOMPSON, that it had been so often ruled, that the conveyance of land for the purpose merely of securing the repayment of money, was but a mortgage, that it had passed into an elementary principle, and no longer required the citation of authorities to give it force. But that the association did so hold the Karstetter deed, is, from the evidence, not a matter of doubt. On payment of the loan, Fredericks was entitled to a reconveyance. This loan, altogether, amounted to two thousand dollars, and as part security, the articles of agreement with Karstetter were assigned to the lender of this money. Part of the sum thus borrowed was used to pay off the amount due on the articles, and the deed which took their place, was executed to the association. But this deed was held, as was the previous security, subject to the borrower's right of redemption. Now, will anyone tell me what material difference it would have made in this transaction, had Fredericks taken the deed in his own name, and afterward, for the same purpose of security, transferred it to the building association? Yet, beyond doubt, this would have been but a mortgage; a deed absolute on its face with a parol defeasance.

The important question is, how did the Association hold?—as absolute owner?—certainly not; but merely as a pledgee.

4 OUTERBRIDGE—27

Just as soon as Fredericks paid, not the purchase money for the land, but the whole amount of the loan, out of which that purchase money was paid, he entitled himself to a return of his pledge.   If this is not a mortgage it is hard to tell what would constitute one.

The learned counsel for the defense has contended, with great earnestness, that, at all events, the association was entitled to a verdict conditioned for the repayment of the money which it paid to Karstetter for the legal title.   And so, indeed, it would have been entitled had it paid its own money to Karstetter; but it did nothing of the kind.   It had in its hands two thousand dollars belonging to Fredericks, and out of that it paid the purchase money due to his vendor, and that the money thus in its hands was the proceeds of a loan made by itself to him, did not alter the legal status of the parties; the money was none the less Fredericks' than if he had received it elsewhere, and put it into the hands of the company for payment to Karstetter.

As what we have said disposes of the principal contention of the defense, as apparent in all the assignments of error, we are relieved of the labor of treating them seriatim.

Judgment affirmed.